Quentin M. Rhoades
MT Bar No. 3969
SULLIVAN, TABARACCI & RHOADES, P.C.
1821 South Avenue West, Third Floor
Missoula, Montana 59801
Telephone: (406) 721-9700
Telefax: (406) 721-5838
qmr@montanalawyer.com

Pro Defendente

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| MONTANA FAIR HOUSING, INC., and MARSHA STEINWEDEN, Plaintiffs, v. L & M CONSTRUCTION, LLP, and PROFESSIONAL CONSULTANTS, INC., Defendants. | Cause Number CV-04-137-M-LBE <br><br> DEFENDANT'S PETITION TO COMPEL ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT |
|---|---|

COMES NOW, Defendant, L&M Construction, LLP ("L&M"), by and through its counsel of record, and moves the Court for its order compelling entry of satisfaction of judgment, plus reasonable attorney fees for the filing of this petition.

1. Judgment in this case was entered against L&M on April 11, 2005, in the amount of $100,000.00.

2. On August 29, 2008, L&M paid Plaintiffs the sum of $111,257.65 in full satisfaction of the judgment. (See, copy of transmittal letter, attached hereto as Exhibit 'A'.) The amount paid included interest through August 31, 2008, compounded annually at 3.33%, and itemized as follows:

| | |
|---|---:|
| 4/11/2005 through 4/10/2006 | 3,330.00 |
| 4/11/2006 through 4/10/2007 | 3,440.89 |
| 4/11/2007 through 4/10/2008 | 3,557.47 |
| 4/11/2008 through 8/31/2008 | $1,429.29 |
| TOTAL INTEREST | $11,757.65 |

3. Pursuant to 28 U.S.C. § 1961(a), interest on the $100,000.00 judgment should be "calculated from the date of entry of judgment" and accumulates "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System." The relevant rate for the week ending on April 8, 2005, is 3.33%. (See, copy of Federal Reserve Statistical Release, attached hereto as Exhibit 'B'.)

4. After accepting payment, Plaintiffs executed partial satisfaction of judgment (see, copy of Notice of Partial Satisfaction of Judgment, attached hereto as Exhibit 'C'), but refuse to acknowledge full satisfaction of the judgment regardless of L&M's demand to do so. Instead, Plaintiffs insist on payment of an additional $22,559.00 in pre- and post-judgment interest, and $8,698.08 in attorney fees they say they incurred in seeking to satisfy the judgment. Plaintiffs threaten executions to be

issued and levies made against L&M's property. (See, copy of email from Timothy Kelly To Quentin Rhoades dated September 17, 2008, attached hereto as Exhibit 'D'; and copy of "Draft-Revised" Petition For Award of Interest On Judgment & For Attorney Fees & Costs For The Prevailing Party, attached hereto as Exhibit 'E'.)

5. The judgment continues to constitute a lien on L&M's property pursuant to 28 U.S.C. § 1962 and Mont. Code Ann. § 25-9-303, and continues to cloud the title to L&M's property. In addition, L&M has had to retain counsel and expend attorney fees and costs in bringing this petition to the attention of the Court.

6. Where a judgment creditor has received actual payment of the judgment or any equivalent therefor, or the obligation of the judgment is otherwise discharged, but he or she refuses to acknowledge satisfaction, the Court having issued the judgment may compel him to acknowledge and release it, or may order acknowledgment to be entered officially. E.g., Wolf-Lillie v. Sonquist, 699 F.2d 864, 873 (Wis.1983); Pierson v. Honda, 2 Dist., 240 Cal.Rptr. 148, 149 (Cal. App. 1987); Bassett v. Eagle Telecommunications, Inc. of Colorado, App., 750 P.2d 73, 77 (Co. App. 1987) overruled on other grounds, Baldwin v. Bright Mortgage Co., 757 P.2d 1072,

1074 (Colo.1988); Berg v. Berg, 471 N.W.2d 435, 438 (Neb. 1991). See also Mont. Code Ann. § 25-9-311.[1]

7.  In this case, Plaintiffs demand pre-judgment interest even though it was never awarded and is not due. They then argue that the interest on the judgment is governed by Montana law. This is a specious claim. The complaint in this case was based upon federal question and diversity jurisdiction. In the former, it is obvious federal law on post-judgment interest applies. Davis v. City and County of San Francisco, 976 F.2d 1536, 1557 (9th Cir. 1992) (opinion vacated in part on other grounds, Davis v. City and County of San Francisco, 984 F.2d 345 (9th Cir. 1993). Meanwhile, the same rule applies in diversity jurisdiction. Northrop Corporation, v. Triad International Marketing S.A., 842 F.2d 1154, 1155-56 (9th Cir. 1988). "It is settled that even in diversity cases '[p]ost-judgment interest is determined by federal law.'" Id. Thus, under either theory, federal law – not state law – applies.

8.  The only argument Plaintiffs bring to bear to justify their demand pre- and post-judgment interest of 10% is that after registration in Montana state court, interest should accumulate at the rate of interest applicable to state court judgments. They have cited Mont. Code Ann. § 25-9-303 for the proposition that Montana statutes

---

[1]  Mont. Code Ann. § 25-9-311, in relevant part and with emphasis added reads:

> Whenever a judgment is satisfied in fact otherwise than upon an execution, the party or attorney must give such acknowledgment or make such endorsement, and upon motion, <u>the court may compel it or may order the entry of satisfaction to be made without it.</u>

preempt federal law in the calculation of interest on a judgment. The statute, in relevant part, reads:

> A transcript of the original docket of a judgment that is rendered in the circuit or district court of the United States, ninth circuit, district of Montana, and that is certified by the clerk of court may be filed with the district court clerk of any county. From the time of the filing, the judgment becomes a lien upon all real property of the judgment debtor that is not exempt from execution in the county and that is either owned by the judgment debtor at the time or afterward acquired by the judgment debtor before the lien expires. Except as provided in subsection (2), the lien continues for 10 years unless the judgment is previously satisfied.

As can be seen, it says nothing about the amount of interest accumulated on a judgment. That law is set forth in Mont. Code Ann. § 25-9-205, and in pertinent part, with emphasis added, it reads: "interest is payable on judgments recovered in the courts of this state and on the cost incurred to obtain or enforce a judgment at the rate of 10% per year." Although the judgment in this case was rendered in this state, it was not rendered by a Court "of" this state. The 10% statute therefore does not apply to this judgment. Equally important, the federal interest statute, since it conflicts with state law, preempts state law. E.g., Fitz v. Board of Educ. of Port Huron Area Schools, 1985 WL 8027 (E.D.Mich. 1985). Interest on the judgment should, therefore, be calculated at the federal rate. Under this rate, L&M has paid the entire judgment, plus interest and thus, it has been fully satisfied.

WHEREFORE, PREMISES CONSIDERED, the Court is respectfully requested to direct Plaintiffs to execute and file with both the Clerk of Court and the appropriate records of the State of Montana a satisfaction of judgment signifying the judgment in

this case has been satisfied in full; and award L&M its fees and costs incurred in pursuing this needless petition.

RESPECTFULLY SUBMITTED this 26th day of September, 2008.

SULLIVAN, TABARACCI & RHOADES, P.C.

By: /s/ Quentin M. Rhoades
Quentin M. Rhoades
Pro Defendente

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of September, 2008, a copy of the foregoing document was served on the following persons by the following means:

|        |                           |
|--------|---------------------------|
| _____ | CM/ECF                    |
| _____ | Hand Delivery             |
| 1, 2   | Mail                      |
| _____ | Overnight Delivery Service|
| _____ | Fax                       |
| _____ | E-Mail                    |

1.  Timothy C. Kelly
    Attorney at Law
    P.O. Box 65
    Emigrant, MT 59027

2.  Mary Gallagher
    P.O. Box 1797
    Missoula, MT 59806

                                                                     SULLIVAN, TABARACCI & RHOADES, P.C.

                                                                     By: /s/ Quentin M. Rhoades
                                                                           Quentin M. Rhoades
                                                                           Pro Defendente