IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

MARSHA STEINWEDEN and
MONTANA FAIR HOUSING, INC.,        CV 04-137-M-DWM-JCL

        Plaintiffs,

   vs.                                FINDINGS AND RECOMMENDATION
                                         OF U.S. MAGISTRATE JUDGE
L & M CONSTRUCTION LLP, and
PROFESSIONAL CONSULTANTS, INC.,

        Defendants.

_____

## I.  INTRODUCTION

    Pending before the Court is a motion filed by Defendant L & M Construction, LLP and styled "Petition to Compel Acknowledgment of Satisfaction of Judgment". The parties have fully briefed the motion. Having considered the parties' respective arguments on the merits of the motion, the Court concludes the motion, properly construed as a motion for relief from a final judgment under Fed. R. Civ. P. 60(b)(5), should be granted.

    L & M Construction's motion presents only an issue of law to be resolved by the Court. The background procedural and factual history is undisputed by the parties. Therefore, the Court bases its recommendation on the record presently before as set forth below.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 1

**II.   DISCUSSION**

    **A.   Procedural and Factual Background**

Plaintiffs Marsha Steinweden and Montana Fair Housing, Inc. commenced this action on July 14, 2004.  The substance of their Complaint alleged that Defendants L & M Construction and Professional Consultants, Inc. constructed a residential multi-family housing development in Missoula, Montana without adequate accessibility for persons with disabilities in violation of the federal Fair Housing Act at 42 U.S.C. § 3601 et seq., and the Montana Human Rights Act at Mont. Code Ann. § 49-2-101 et seq.

Following a relatively short and uneventful course of litigation, Plaintiffs filed notices on April 8, 2005, advising the Court that they accepted an offer of judgment made by each Defendant.  Accordingly, on April 11, 2005, the Judgment that is the subject of L & M Construction's motion was entered in this case.  The Judgment states, in pertinent part, as follows:

> IT IS ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of plaintiffs and against defendant L & M Construction, LLP in the amount of $100,000.00 plus costs[.]

April 11, 2005 Judgment, Dkt. #s 24 and 43-2.

Over one year later, on July 31, 2006, Plaintiffs obtained a certified copy of the Transcript of Judgment from the Clerk's Office, U.S. District Court, District of Montana.  On that same date Plaintiffs filed the Transcript of Judgment with the Montana

Fourth Judicial District Court, Missoula County, in *Steinweden v. L & M Construction, LLP*, Cause No. DV32-2006-685 (hereinafter referred to as *Steinweden II*), as expressly permitted by Mont. Code Ann. § 25-9-303.[1]

In response to Plaintiffs' collection efforts, L & M Construction endeavored to calculate the appropriate post-judgment interest pursuant to 28 U.S.C. § 1961.  Under § 1961 interest on a federal judgment is calculated from the date of the entry of the judgment "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  The applicable interest rate described by the statute for the week preceding April 11, 2005, is 3.33%.  The interest rate is computed daily to the date of payment, and is compounded annually.  28 U.S.C. § 1961(b).

---

[1] Although Plaintiffs suggest their registration of the Judgment was made under Mont. Code Ann. § 25-9-303, they also cite to Mont. Code Ann. § 25-9-503 which is part of the Uniform Enforcement of Foreign Judgments Act (UEFJA) at Mont. Code Ann. § 25-9-501 et seq.  Sections 25-9-303 and 25-9-503 each provide an alternative method for registering or filing a judgment rendered in the United States District Court for the District of Montana in a Montana state court. *Robinson v. First Wyoming Bank, N.A. Jackson Hole*, 274 Mont. 307, 317, 909 P.2d 689, 695 (1995).  Although Plaintiffs rely on § 25-9-503 of the UEFJA in support of their claim for post-judgment interest, it is not necessary to the resolution of L & M's motion to determine which method Plaintiffs invoked with their registration.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 3

Based on the foregoing prescribed method of calculation, L & M Construction calculated interest accrued from April 11, 2005, through August 31, 2008. On August 29, 2008, L & M Construction paid Plaintiffs the sum of $111,257.65 which included the principle amount of the Judgment plus the interest calculated through August 31, 2008.

Although Plaintiffs accepted the $111,257.65 payment from L & M Construction, counsel for Plaintiffs signed a notice on September 11, 2008, stating that the payment constituted only partial satisfaction of the total judgment due. Plaintiffs filed the notice and acknowledgment on September 16, 2008, in *Steinweden II*.[2] Plaintiffs assert the payment from L & M Construction constitutes only partial satisfaction of the Judgment because they contend they are legally entitled to further payment of interest, and additional fees and costs under state law in *Steinweden II*.

On September 26, 2008, Plaintiffs filed a petition in *Steinweden II* requesting that the state court impose additional interest, fees, and costs against L & M Construction on the federal Judgment registered with the state court. Specifically, Plaintiffs requested an award of additional attorneys' fees in the amount of approximately $8,700 which they incurred from July

---

[2] Plaintiffs have not filed a satisfaction of judgment, either partial or otherwise, in this action in this Court.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 4

2005 through August 2008 in their efforts to collect on the Judgment.  Additionally, Plaintiffs requested that the state court impose interest on the federal Judgment at the state statutory rate of 10% simple interest per annum applicable to "judgments recovered in the courts of this state" as provided by Mont. Code Ann. § 25-9-205.  Plaintiffs assert interest accrued at the state rate from the date the Judgment was entered (April 11, 2005), through August 29, 2008 - an amount totaling $33,816.66.

Due to miscommunications and/or misunderstandings which are not relevant to the resolution of the pending motion, L & M Construction did not file a response in *Steinweden II* to Plaintiffs' petition requesting additional attorneys' fees and interest.  Finding that L & M Construction had procedurally defaulted, the state court issued its Order on October 27, 2008, granting Plaintiffs' petition.  Specifically, the state court awarded interest on the Judgment registered in *Steinweden II* to Plaintiffs at the rate of 10% per annum, for a total of $33,816.66.  Taking into account the $11,257.65 of interest L & M Construction already paid to Plaintiffs, Plaintiffs contend the balance of interest due, as imposed by the state court Order, is $22,559.01.  The state court also awarded Plaintiffs $8,698.08 in attorneys' fees and costs that they incurred in enforcing and collecting on the Judgment.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 5

Based on the state court's October 27, 2008 Order, Plaintiffs contend that the total amount of additional funds due from L & M Construction is $31,257.09.  Thus, Plaintiffs assert that the Judgment entered in this case is only partially satisfied as reflected in their September 11, 2008 notice filed in *Steinweden II*.

### B. Satisfaction of the Federal Judgment Entered in this Case

#### 1. Post-Judgment Interest Rate

The statutory post-judgment interest provision applicable to a federal court judgment is set forth at 28 U.S.C. § 1961. "Section 1961 provides for the mandatory award of post-judgment interest 'on any money judgment in a civil case recovered in a district court.'"  *Planned Parenthood of the Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 518 F.3d 1013, 1017 (9th Cir. 2008) (quoting *Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir. 1986) and 28 U.S.C. § 1961(a)).

Furthermore, the post-judgment interest rate under 28 U.S.C. § 1961 applies to all federal court actions irrespective of the basis of the court's jurisdiction over the case.  The Judgment in this case is based on Plaintiffs' claims under the federal Fair Housing Act, over which Court has federal question jurisdiction under 28 U.S.C. § 1331, and on Plaintiffs' claims under the Montana Human Rights Act, over which the Court has supplemental

jurisdiction under 28 U.S.C. § 1367.  Nonetheless, § 1961 provides the applicable post-judgment interest rate.  *See Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 55 (2nd Cir. 1998); and *Condus v. Howard Savings Bank*, 999 F. Supp. 594, 595 and 599 (D.N.J. 1998).  Even where a federal case is founded only on diversity jurisdiction, "[p]ost-judgment interest is determined by federal law[]" at 28 U.S.C. § 1961.  *Northrop Corp. v. Triad International Marketing, S.A.*, 842 F.2d 1154, 1155-56 (9th Cir. 1988) (citations omitted).  *See also Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998) (diversity jurisdiction).

Despite the clear mandate of 28 U.S.C. § 1961, Plaintiffs suggest the Montana statutory interest rate set forth in Mont. Code Ann. § 25-9-205 should apply in this Court merely by virtue of having registered the federal Judgment in a state court of Montana.  Plaintiffs' suggestion is contrary to federal law.  As a matter of federal law, and consistent with the mandate of § 1961, the law of the jurisdiction in which the judgment was rendered, and not that of the jurisdiction in which the judgment is registered, controls as to the rate of interest payable on the judgment.  *See Knight v. Barnes*, 182 F. Supp. 383, 384 (S.D. Cal. 1960).

> Congress could not have intended that the [interest] rate [imposed by 28 U.S.C. § 1961] [...] would apply from the date of entry of the judgment until its registration in

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 7

      another state, at which time the rate allowed by the state where registered would prevail. If such an argument could seriously be maintained, what would be the rate of interest on the judgment if it were registered in several states allowing different rates?

*Knight*, 182 F. Supp. at 384.

    Regardless of the registration and execution proceedings instituted by the Plaintiffs in *Steinweden II*, as the record stands before this Court the subject Judgment was issued by this Court in the amount of $100,000. The Judgment was subject to post-judgment interest at the rate of 3.33% per annum, calculated from the date of its entry, computed daily until paid, and compounded annually as provided by 28 U.S.C. § 1961(a) and (b). L & M Construction, therefore, calculated the post-judgment interest correctly and paid the full amount of the Judgment and interest to Plaintiffs on August 29, 2008. Plaintiffs accepted the payment.

        2.    **Attorneys' Fees**

    Plaintiffs assert they are entitled to the recovery of their attorneys fees and, therefore, the Judgment is not satisfied. In support of their position Plaintiffs rely on both the October 27, 2008 Order in *Steinweden II*, and this Court's post-judgment Order entered July 29, 2005, each of which awarded Plaintiffs a sum certain for attorneys' fees.

    This Court's July 29, 2005 award of attorneys' fees is not an enforceable part of the April 11, 2005 Judgment, but is an

issue collateral to the judgment.[3]  Therefore, payment of the attorneys' fees is not required for satisfaction of the April 11, 2005 Judgment as entered.

### 3. **Federal Rule of Civil Procedure 60(b)(5)**

In substance, L & M Construction's motion requests relief from the April 11, 2005 Judgment, and they rely, in part, on Fed. R. Civ. P. 60(b)(5).  Def.'s Br. at 6.  Rule 60(b)(5) states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> [...]
>
> (5) the judgment has been satisfied, released or discharged[... .]

Fed. R. Civ. P. 60(b)(5).  The quoted provision

> is generally invoked when a party seeks entry of satisfaction of judgment because no acknowledgment of satisfaction has been delivered due to an ongoing dispute over the judgment amount.

*Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007).  Therefore, Rule 60(b)(5) "allows the district court to relieve a party from

---

[3]As support for the Court's conclusion that the July 29, 2005 Order awarding attorneys' fees is not part of the April 11, 2005 Judgment, the Court notes the following:  In the context of a notice of appeal following the entry of a judgment, a post-judgment award of attorneys' fees is not part of the judgment being appealed and, therefore, is not part of the appeal.  *See Culinary and Services Employees Union, AFL-CIO Local 555 v. Hawaii Employee Benefit Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999).

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 9

a final judgment if the judgment has been satisfied." *Newhouse v. McCormick & Co., Inc.*, 157 F.3d 582, 584 (8th Cir. 1998).

Because L & M Construction has satisfied the Judgment as entered in this case, it is entitled to relief from the Judgment. L & M Construction's motion, properly construed as a motion under Fed. R. Civ. P. 60(b)(5), should be granted.

### C.  Plaintiffs' Opposition to L & M Construction's Motion Based on *Colorado River* and Res Judicata

Plaintiffs oppose L & M Construction's motion on two additional legal grounds.  First, Plaintiffs contend this Court should abstain from further exercise of its jurisdiction under the abstention principles enunciated in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976). Second, Plaintiffs assert that the relief requested in L & M Construction's motion is barred by the doctrine of res judicata in view of the state court's October 27, 2008 Order in *Steinweden II* which awarded interest and attorneys' fees to Plaintiffs.

#### 1.  Colorado River Abstention

In its *Colorado River* decision, the United States Supreme Court addressed "the problem posed by the contemporaneous exercise of concurrent jurisdiction by state and federal courts." *Smith v. Central Arizona Water Conservation District,* 418 F.3d 1028, 1032 (9th Cir. 2005).  Under *Colorado River* a federal court may stay federal proceedings or refrain from exercising its

jurisdiction in view of a parallel state court action when doing so would promote "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation[.]" *Smith*, 418 F.3d at 1033 (quoting *Colorado River*, 424 U.S. at 817) (further quotation omitted).

The existence of circumstances warranting abstention under *Colorado River*, however, is exceedingly rare as "the *Colorado River* doctrine is a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Smith*, 418 F.3d at 1033 (quoting *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (further quotation and citation omitted)). The circumstances permitting a stay under *Colorado River* are considerably more limited than the circumstances warranting a stay under traditional abstention analysis. *Gilbertson v. Albright*, 381 F.3d 965, 982 n.17 (9th Cir. 2004). "If there is any substantial doubt as to" whether "the parallel state court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties[,]" then the federal action should not be stayed. *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (quotation and emphasis omitted).

The Supreme Court's decision in *Colorado River* identified various factors to consider. As a preliminary consideration, the

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 11

court which first assumed jurisdiction over the matter "may exercise that jurisdiction to the exclusion of other courts." *Colorado River*, 424 U.S. at 818.  Other factors include the convenience of the federal forum, the avoidance of piecemeal litigation, the order in which jurisdiction was obtained by the concurrent forums, whether "federal law provides the rule of decision on the merits", whether the state court proceedings are adequate to protect the federal litigant's rights, and the prevention of forum shopping.  *Id*., and *Travelers Indemnity Co. v. Madonna*, 914 F.2d 1364, 1367-68 (9th Cir. 1990).  No single factor is determinative, and the court must balance its obligation to exercise jurisdiction against the various "factors counseling against that exercise[.]"  *Colorado River*, 424 U.S. at 818.

 Upon consideration of the factors under *Colorado River* the Court concludes that resolution of L & M Construction's motion need not be stayed in favor of the state court proceedings in *Steinweden II*.  Plaintiffs elected to commence this case in federal court in 2004.  Therefore, this Court was the first to assume jurisdiction over this case, and Plaintiffs' subsequent registration of the Judgment in state court does not change this fact.  This federal court forum is no less convenient than the state court which sits only three city blocks away.  Further, federal law under 28 U.S.C. § 1961 provides the applicable rule

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 12

for a decision in this matter, and this final resolution and closure in this case will preclude any further piecemeal litigation.  Absent a decision on L & M Construction's pending motion it is not clear that the state court proceedings would adequately account for L & M Construction's rights in these federal proceedings.

Finally, the Plaintiffs accuse L & M Construction of forum shopping in its efforts to enforce its rights relative to the Judgment.  To the contrary, the record demonstrates that it is the Plaintiffs who are forum shopping in a effort to gain an advantage under a more favorable post-judgment interest rate.

Based on the foregoing consideration of the relevant factors, the Court concludes that, on balance, the analysis under *Colorado River* does not require this Court to stay these proceedings.

### 2. **Res Judicata**

Plaintiffs contend the state court's October 27, 2008 Order has res judicata effect in this case barring the Court from considering L & M Construction's instant motion.  Plaintiffs' contention, however, because a final judgment following the October 27, 2008 Order has not been entered in *Steinweden II.*

To decide whether a prior state court action bars a subsequent federal action, the federal courts must look to the res judicata principles of the state court in which the judgment

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 13

was entered. *Spoklie v. Montana*, 411 F.3d 1051, 1055-56 (9th Cir. 2005); *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 85-86 (1984).

Montana law recognizes that cases litigated to conclusion are entitled to finality "based on a judicial policy favoring a definite end to litigation." *Stanley L. and Carolyn M. Watkins Trust v. Lacosta*, 2004 MT 144, ¶ 26, 321 Mont. 432, ¶ 26, 92 P.3d 620, ¶ 26 (Mont. 2004). "The doctrine of res judicata prevents a party from relitigating a matter that the party has already had an opportunity to litigate." *Federated Mut. Ins. Co. v. Anderson*, 1999 MT 288, ¶ 58, 297 Mont. 33, ¶ 58, 991 P.2d 915, ¶ 58 (Mont. 1999). Under Montana law, therefore,

> a *final judgment* on the merits by a court of competent jurisdiction is conclusive as to causes of action or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

*State v. Ditton*, 2006 MT 235, ¶ 38, 333 Mont. 483, ¶ 38, 144 P.3d 783 ¶ 38 (2006) (emphasis added).

Based on the foregoing Montana law, for res judicata to apply there must exist a final judgment on the same subject matter. Plaintiffs have offered only the October 27, 2008 Order issued in *Steinweden II* in support of their assertion of res judicata. That Order is not a final judgment. Therefore, the doctrine of res judicata does not bar these proceedings.

## III.  CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that L & M Construction's Petition to Compel Acknowledgment of Satisfaction of Judgment, properly construed as a motion under Fed. R. Civ. P. 60(b)(5) for relief from the April 11, 2005 Judgment, should be GRANTED.

DATED this 18th day of December, 2008.

                                      /s/ Jeremiah C. Lynch
                                      Jeremiah C. Lynch
                                      United States Magistrate Judge