

**FILED**

FEB 0 4 2009

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| MARTHA STEINWEDEN and MONTANA FAIR HOUSING, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> L & M CONSTRUCTION LLP, and PROFESSIONAL CONSULTANTS, INC., <br><br> Defendants. | CV 04-137-M-DWM-JCL <br><br><br><br><br> ORDER |

Plaintiffs filed this action alleging violations of the Federal Fair Housing Act and Montana Human Rights Act arising from the Defendants' construction of a residential multi-family housing development that lacked adequate accessibility for the disabled. The parties settled the matter for $100,000.00 plus costs and the Court entered Judgment pursuant to that settlement agreement on April 11, 2005.

The Plaintiffs obtained a certified copy of the Transcript of Judgment and

-1-

filed it in state court as permitted by Mont. Code. Ann § 25-9-303. Defendants calculated the interest on the Judgment pursuant to the relevant federal statute, 28 U.S.C. § 1961, and paid the Plaintiffs $111,257.65, which consists of the principle amount of the Judgment plus interest calculated at the federal statutory rate of 3.33%. The Plaintiffs later filed a petition in state court seeking additional interest at the state statutory rate of 10%, along with attorney's fees to compensate the Plaintiffs for fees incurred as a result of their efforts to collect on the Judgment. Now pending before the Court is Defendant L & M Construction's "Petition to Compel Acknowledgment of Satisfaction of Judgment," seeking the Court's declaration that it has fully satisfied the Judgment by paying the principle amount plus interest at the federal statutory rate.

United States Magistrate Judge Jeremiah C. Lynch considered Defendant L & M's Petition and concluded that it should be treated as a motion for relief from judgment under Fed. R. Civ. P. 60(b)(5). Judge Lynch determined that the federal statutory rate of interest applies, and that the rate cannot be altered by the simple act of filing the federal Judgment in state court. With regard to attorney's fees, Judge Lynch explained that the award of attorney's fees is separate from the April 11, 2005 Judgment, and that the failure to pay attorney's fees is not a basis to contest satisfaction of the Judgment. Based on these conclusions, Judge Lynch recommends that the Court grant Defendant L & M's motion for relief from

-3-

judgment.

Plaintiffs did not timely object and so have waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendations for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Lynch's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that Defendant L & M Construction's motion for relief from judgment under Rule 60(b)(5) (Doc. No. 35) is GRANTED.

DATED this 4th day of February, 2009.

Donald W. Molloy, District Judge
United States District Court